UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 09-40117-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | FOR RELIEF |
| CARLOS RAMOS-ROGEL, | ) | |
| a/k/a "Charlie," | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Carlos Ramos-Rogel, pro se, moves this court for a reduction of his sentence pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Criminal Procedure 52(b). Ramos-Rogel claims that he was wrongfully denied the benefits of the government's Fast Track program when he was sentenced and that he received ineffective assistance of counsel. Ramos-Rogel's conviction was affirmed by the Eighth Circuit Court of Appeals on February 28, 2011. *United States v. Ramos-Rogel,* 411 F. App'x 944 (8th Cir. 2011) (unpublished opinion). Ramos-Rogel filed a petition for writ of habeas corpus on October 22, 2012. (Civ. 12-4181, Docket 1). This court entered an order denying the petition for writ of habeas corpus on December 6, 2012. (Civ. 12-4181, Docket 5). Ramos-Rogel appealed the dismissal to the Eighth Circuit Court of Appeals, but the appeal was dismissed by the Eighth Circuit and the judgment of dismissal was affirmed. (Civ. 12-4181, Docket 16). On

September 12, 2013, defendant filed this motion pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Crim. P. 52(b).

Ramos-Rogel filed this motion for relief in his criminal case. Fed. R. Civ. P. 60(b) applies only to civil cases and does not provide relief from a judgment of conviction or a sentence in a criminal case. *See United States v. Eggleston,* 24 F. App'x 656 (8th Cir. 2002) (unpublished per curiam). If Ramos-Rogel intended to file his Rule 60(b) motion in his habeas action, the Eighth Circuit Court of Appeals has recognized that such a motion is in fact a second or successive § 2255 petition which must be dismissed by this court for failure to obtain authorization from the court of appeals to file a successive petition as is required by 28 U.S.C. § 2244(b)(3). *See United States v. Lambros,* 404 F.3d 1034, 1036 (8th Cir. 2005).

In the alternative, Ramos-Rogel seeks relief under Fed. R. Crim. P. 52(b)[1]. Rule 52(b), however, "does not provide a procedural mechanism for challenging a federal criminal conviction or sentence; the Rule merely establishes a standard of review for claims that are raised by a procedurally proper means— normally a direct appeal." *United States v. Guerra-Carpio,* 2013 WL 2897269 (D. Minn. June 13, 2013) (unpublished). The Supreme Court recognized that the plain error standard of review as recognized in Rule 52(b), "is out of place when

---

[1] Rule 52(b) provides that a "plain error that affects substantial rights may be considered even though it was not [previously] brought to the court's attention."

a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review . . . ." *United States v. Frady*, 456 U.S. 152, 164 (1982). In other words, Rule 52(b) "does not provide an independent basis for a collateral attack on a final judgment." *United States v. Smith*, 51 F. App'x 483 (5th Cir. 2002) (unpublished opinion). *See also United States v. Lehi*, 208 F. App'x 672, 674 (10th Cir. 2006) (unpublished opinion) (same).

Although Ramos-Rogel states that he is seeking relief pursuant to Rule 60(b) and Rule 52(b), a careful reading of his petition indicates that he is in fact challenging his sentence. This challenge ought to have been brought under 28 U.S.C. § 2255. The Eighth Circuit Court of Appeals has repeatedly held that federal prisoners usually must seek post-conviction relief under 28 U.S.C. § 2255. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). A defendant may not circumvent the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 through creative titling of their petitions. *See United States v. Hunt*, 2008 WL 4186258 (E.D. Mo. Sept. 5, 2008). "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *Lambros*, 404 F.3d at 1036. Because Ramos-Rogel's motions seek to resurrect the denial of his earlier § 2255 motion, permission to file a second petition is required for the present

motion. Because he has not received permission to file a second petition from the Eighth Circuit Court of Appeals, his motion is denied. It is

ORDERED that defendant's motion for relief (Docket 86) is denied.

Dated November 14, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE